UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| STIFEL, NICOLAUS & CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> ESTATE OF PAUL CLAYTON CAMPBELL, et al., <br><br> Defendants. | 2:21-CV-57 |

## REPORT AND RECOMMENDATION

Plaintiff filed a Second Motion for Attorney Fees [Doc. 57] which was referred to the undersigned for a report and recommendation by the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 61]. Plaintiff's Motion [Doc. 57] requested an award of attorney's fees in the amount of $31,807.17 plus any costs associated with the filing of the Motion. A Declaration of Samantha Gerken, Plaintiff's counsel, was filed in support of this request which contained a breakdown of the number of hours and hourly billable rate for services rendered in this matter.

The undersigned held an in-chambers teleconference with the parties to discuss the Court's initial observations regarding the motion on October 11, 2022, and to advise of additional filings that would be required. During the conference, the Court inquired as to whether the parties wanted an opportunity to confer and attempt to resolve the pending motion by agreement after receiving this initial input from the Court, and they advised that they did. Thereafter, the parties filed a Joint Stipulation as to Stifel's Motion for Attorney's Fees [Doc. 62] advising that the parties have come to an agreement that Plaintiff shall be paid the total sum of $16,000 in attorney's fees, costs, and

expenses. The parties attached a Proposed Order [Doc. 62-1] to their Stipulation memorializing their agreement.

The District Court previously held that Plaintiff is entitled to receive reasonable attorney's fees and expenses in this matter. [Doc. 51, p. 4]. However, in its first request for attorney's fees Plaintiff did not include the total amount in controversy to be deposited into the Court's registry and the District Court found this amount was necessary for the Court to determine if the amount of attorney's fees requested was reasonable. *Id.* at p. 5. Plaintiff has cured this deficiency by stating in the instant motion that the total amount in controversy in this matter was $147,186.82.

Given the Court's review of the record in the matter, and after considering the parties' agreement as to the amount of attorney fees and costs for which Plaintiff should be reimbursed, the undersigned **RECOMMENDS**[1] that Plaintiff's Motion [Doc. 57] be **GRANTED in part and DENIED in part**. Specifically, the Court **RECOMMENDS** that Plaintiff's request for attorney's fees be **GRANTED**, but that it be granted in the amount of $16,000.00, a sum that the Court finds reasonable, rather than the $31,807.17 sum initially requested. The undersigned further **RECOMMENDS** that the District Court direct the Court Clerk to issue a check from the deposited funds to "Stifel, Nicolaus & Company, Incorporated" in the amount of $16,000.00, with the check being directed to Plaintiff's counsel of record in this matter. The Court further **RECOMMENDS**

---

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

that the Clerk issue a check(s) for the remaining proceeds held by the Clerk as previously ordered by the Court.

Respectfully submitted,

/s/ Cynthia Richardson Wyrick
United States Magistrate Judge